UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER TROWBRIDGE, MICHAEL
TORRES, RONNIE PAGAN, JUAN ORTIZ,
LUIS VIRELLA, JASON GARCIA, and JOSEPH
JOSHUA, individually and on behalf of a class of
all others similarly situated,

                Plaintiffs,

-against-

JANET DIFIORE, in her official capacity as Chief
Judge of the State of New York and Chief Judicial
Officer of the Unified Court System; and
LAWRENCE MARKS, in his official capacity as
Chief Administrative Judge of the Unified Court
System,

                Defendants.

No. 16-CV-3455 (GBD)(GWG)



## STIPULATION AND ORDER OF SETTLEMENT

**WHEREAS,** Christopher Trowbridge, Michael Torres, Ronnie Pagan, and Juan Ortiz commenced this action by filing a Complaint on or about May 10, 2016 (ECF No. 1), alleging, *inter alia*, that Janet DiFiore, in her official capacity as Chief Judge of the State of New York and Chief Judicial Officer of the Unified Court System ("Chief Judge DiFiore"), Lawrence Marks, in his official capacity as Chief Administrative Judge of the Unified Court System ("Chief Administrative Judge Marks"), and Andrew Cuomo, in his official capacity as Governor of the State of New York ("Governor Cuomo"), violated their constitutional rights under the Sixth and Fourteenth Amendments by sanctioning and maintaining a system of persistent delays

1

in the processing of misdemeanor cases, court congestion, and case backlogs (collectively, "Court Delay") in New York City Criminal Court, Bronx County ("Bronx Criminal Court"), thereby denying their rights to trial and speedy trial; and

**WHEREAS**, on or about June 30, 2016, Defendants moved to dismiss the Complaint on various grounds including, *inter alia*, abstention principles, lack of standing, and failure to state a claim (ECF Nos. 29-30); and

**WHEREAS**, on or about December 21, 2016, the Court (1) denied Defendants' motion to dismiss the Complaint due to abstention principles; (2) dismissed all claims against Governor Cuomo; (3) held that Plaintiffs properly stated a claim for relief against Chief Judge DiFiore and Chief Administrative Judge Marks; and (4) granted Defendants' motion to dismiss the Complaint for lack of standing (ECF No. 39); and

**WHEREAS**, on or about January 23, 2017, Luis Virella, Jason Garcia, and Joseph Joshua, together with Trowbridge, Torres, Pagan, and Ortiz (collectively, "Plaintiffs"), filed a letter motion for leave to file an Amended Complaint, together with a proposed Amended Complaint alleging that Chief Judge DiFiore and Chief Administrative Judge Marks (collectively, "Defendants"), in their official capacities, violated Plaintiffs' constitutional rights under the Sixth and Fourteenth Amendments by sanctioning and maintaining a policy of Court Delay in Bronx Criminal Court, thereby denying their rights to trial and speedy trial (ECF Nos. 41-42); and

**WHEREAS**, on or about January 26, 2017, Defendants opposed Plaintiffs' application to file the proposed Amended Complaint (ECF No. 43); and

**WHEREAS**, on or about March 8, 2017, at a conference before the Court, the Court accepted Plaintiffs' proposed Amended Complaint and directed Defendants to answer the Amended Complaint (ECF No. 49); and

**WHEREAS**, on or about March 22, 2017, Defendants moved for reconsideration of the Court's acceptance of the Amended Complaint (ECF Nos. 53-54); and

**WHEREAS**, on or about April 14, 2017, Plaintiffs opposed Defendants' motion for reconsideration (ECF Nos. 61-62), and on or about April 25, 2017, Defendants filed a reply memorandum of law in further support of their motion for reconsideration (ECF No. 63); and

**WHEREAS**, as of the date of this Agreement, Defendants' motion for reconsideration is still pending before the Court and Plaintiffs expressly preserve all objections to the motion for reconsideration; and

**WHEREAS**, on or about March 8, 2017, Plaintiffs moved for class certification (ECF Nos. 45-47), and on or about May 5, 2017, Defendants opposed Plaintiffs' motion for class certification (ECF Nos. 65-67); and

**WHEREAS**, on or about February 26, 2018, Defendants supplemented their opposition to Plaintiffs' motion for class certification (ECF Nos. 87-89); and

**WHEREAS**, on or about March 12, 2018, Plaintiffs filed reply papers in further support of their motion for class certification (ECF Nos. 92-93); and

**WHEREAS**, as of the date of this Agreement, Plaintiffs' motion for class certification is still pending before the Court and Defendants expressly preserve all objections to class certification; and

**WHEREAS**, Defendants have expressly denied and continue to deny all allegations of wrongdoing and liability as set forth in the Complaint and the Amended Complaint; and

**WHEREAS**, Defendants maintain that *Younger v. Harris*, 401 U.S. 37 (1971) and *O'Shea v. Littleton*, 414 U.S. 488 (1974) mandate abstention, and expressly preserve all defenses and objections to the Complaint and the Amended Complaint, including, but not limited to, abstention principles, lack of standing, and failure to state a claim; and

**WHEREAS,** Plaintiffs maintain that they have properly stated a claim for relief against Defendants; that Plaintiffs have standing; and that abstention is not mandated and this Court has properly exercised its jurisdiction; and

**WHEREAS,** the claims and allegations set forth in the Complaint and Amended Complaint, together with all related filings and proceedings, constitute "the Litigation"; and

**WHEREAS**, by entering into this Agreement, Defendants do not make any admission of wrongdoing or liability; and

**WHEREAS**, Plaintiffs and Defendants wish to resolve this action and any and all other disputes relating to the subject matter of the Litigation, between them, fully and voluntarily, without further litigation and without admission of fault or liability;

**IT IS HEREBY AGREED** between Plaintiffs and Defendants that:

### STAY OF THE LITIGATION FOR A PERIOD OF FOUR YEARS

1. <u>Settlement Period.</u> The Litigation, including all pending deadlines and motions, shall be stayed for a period of four years from the date this Agreement is so-ordered by the Court (the "Settlement Period"), unless the Litigation is reinstated pursuant to Paragraph 2.

2. <u>Plaintiffs' Right to Reinstate and Continue the Litigation.</u> At any point during the Settlement Period, Plaintiffs may terminate the stay and reinstate the Litigation subject to the notice and meeting requirements in Paragraph 3. Defendants shall not oppose the reinstatement of the Litigation during the Settlement Period on any basis other than Plaintiffs' failure to

comply with the notice and meeting requirements in Paragraph 3. Defendants shall preserve and maintain all available defenses in the Litigation.

3. <u>Notice and Meeting Requirements for Reinstating Litigation.</u> In the event Plaintiffs intend to reinstate the Litigation, Plaintiffs must notify Defendants' counsel in writing at least 30 days prior to doing so. Such notification shall include copies of any documents or data upon which Plaintiffs' decision to reinstate the Litigation relies and any documents or data Plaintiffs intend to submit to the Court. Within the 30-day period prior to Plaintiffs' reinstatement of the Litigation, counsel for the parties shall meet and confer in good faith to address any concerns identified by Plaintiffs and to discuss possible solutions.

4. <u>Effect of Reinstatement of Litigation.</u> If the Litigation is reinstated pursuant to Paragraph 2 at any time during the Settlement Period, the Litigation shall resume in the same posture as of the date this Agreement is so-ordered by the Court. All pending motions shall be restored to the Court's docket; Plaintiffs shall retain all rights to pursue any and all available relief; and Defendants shall retain all rights to assert any and all available defenses. Neither the existence of this Agreement nor its terms shall constitute a waiver of any available claims, defenses, or remedies in the event the Litigation is reinstated.

5. <u>End of Settlement Period.</u> If Plaintiffs do not reinstate the Litigation during the Settlement Period pursuant to Paragraph 2, then, at the end of the Settlement Period, Plaintiffs' claims shall be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a), without costs or fees to any party.

6. <u>Non-Binding Case Resolution Target.</u> Defendants will continue their efforts to decrease the number of misdemeanor cases pending for more than one year in Bronx Criminal

Case 1:16-cv-03455-GBD-GWG   Document 108   Filed 08/09/18   Page 6 of 19

Court. Defendants' ultimate goal is to reduce the number of such cases to zero. This goal is not binding or legally enforceable.

## DATA SHARING

7.  Data Sharing. During the Settlement Period, the New York State Unified Court System's Office of Court Administration ("OCA") shall share data and reports pertaining to Court Delay, trial capacity, and the allocation of judicial resources within the New York City Criminal Court and Bronx Criminal Court on a regular basis, as specified in Paragraphs 9-12 and 21-22. As specified in this Agreement, certain data and reports shall be provided to Plaintiffs, and, at the discretion of OCA, to representatives of institutional Bronx Criminal Court stakeholders, including, but not limited to, The Bronx Defenders, the Legal Aid Society, the Assigned Counsel Plan for the First Department, and/or the Bronx County District Attorney (institutional stakeholders collectively referred to hereinafter as the "Stakeholders").

8.  Confidential Information and Data. All data exchanged pursuant to this Agreement will be subject to the terms and conditions of the Stipulated Protective Order, so-ordered by the Court on May 17, 2017 (ECF No. 70). Nothing in this Agreement shall prevent Plaintiffs from sharing any non-confidential information or data with other persons or entities, including other Stakeholders. No Personally Identifying Information (or information added to data that would render it identifiable) shall be included in any finding, report, publication, paper, brief or similar document, public data dashboard, or other internet posting produced as a result of, or in conjunction with, the use of the data ("Publication"). "Personally Identifying Information" shall include data or information that includes a person's name or address, case identifier (including, but not limited to, a New York State ID number, Social Security Number, arrest number, or court docket number) or other data that can be linked uniquely to such person.

Case 1:16-cv-03455-GBD-GWG Document 109 Filed 08/09/18 Page 7 of 19
Case 1:16-cv-03455-GBD-GWG Document 108 Filed 08/09/18 Page 7 of 19

If Plaintiffs should publish any non-confidential, non-personally identifiable data, they must prominently display a disclaimer in any such Publication stating: *"Any data provided herein does not constitute an official record of the New York State Unified Court System, which does not represent or warrant the accuracy thereof. The opinions, findings, and conclusions expressed in this publication are those of the authors and not those of the New York State Unified Court System, which assumes no liability for its contents or use thereof."*

9. <u>Bronx Criminal Court Misdemeanor Activity Reports.</u> OCA shall provide Plaintiffs an up-to-date copy of the Bronx Criminal Court Misdemeanor Activity Report, or any equivalent report, promptly after it is completed after the close of each Judicial Term and no more than ten days after completion.

10. <u>OCA CRIMS Data Extract.</u> OCA shall provide Plaintiffs access to the annual data extract from the OCA Criminal Records and Information Management System ("CRIMS"), or any successor data management system, with de-identified information for sealed and pending cases, for Bronx Criminal Court on a yearly basis, prior to March 1 for each calendar year. De-identified information shall mean information that does not include a person's name or address, nor any case identifier or other data that can be linked uniquely to an individual.

11. <u>Citywide[1] Judicial Rosters.</u> OCA shall provide Plaintiffs citywide judicial rosters twice per year, within ten days of the close of Judicial Term 6 and Judicial Term 13, respectively.

12. <u>Stakeholder Data.</u> At least one week prior to any scheduled quarterly meeting of the Stakeholders, as provided in Paragraphs 14-16, OCA shall provide Plaintiffs, and to the

---

[1] For the purposes of data sharing pursuant to this Agreement, the term "citywide" shall include data concerning the New York City Criminal Court as a whole and each of its constituent county courts.

7

extent OCA deems appropriate, other Stakeholders, with up-to-date copies of the following (collectively, the "Stakeholder Data"):

    a.    Year-to-Date Filing and Disposition Trends and Weekly Changes in Pending Misdemeanors chart for the New York City Criminal Court, or any equivalent report;

    b.    Citywide data showing the mean age of cases at disposition for verdicts at bench trials and jury trials;

    c.    The New York City Criminal Court Executive Summary, or any equivalent report, showing total citywide case filings, arraignments, dispositions, cases disposed at arraignment, cases pending disposition, cases pending sentence, the number of jury trials commenced, the number of bench trials commenced, and the number of calendared cases;

    d.    Average Days from Arraignment to Disposition chart for Bronx Criminal Court, or any equivalent report;

    e.    Bronx Criminal Court data showing the number of dispositions in trial parts by top charge at arraignment, trial part, mean case age at disposition, type of disposition (dismissal, adjournment in contemplation of dismissal, guilty plea, trial acquittal, or conviction after trial), and, where a trial was held, whether the trial was a bench trial or a jury trial;

    f.    Data showing the number of cases pending disposition in trial parts in Bronx Criminal Court by top charge at arraignment, trial part, and mean case age; and

    g.    A summary of the Trial Request Tracking Data pursuant to Paragraphs 21-22.

In its discretion, OCA may provide any other data, reports, or statistics it deems relevant, although it is not obligated to provide any further data, reports, or statistics beyond those identified in this Paragraph and in Paragraphs 9-11 and 21-22 of this Agreement.

## AGREEMENT TO MEET AND CONFER

13. Party Meetings. During the Settlement Period, counsel for the parties shall meet and confer to discuss issues related to this Settlement Agreement on a yearly basis (the "Yearly Meeting"). Plaintiffs and Defendants may also raise concerns and propose remedial action for consideration by the other party at any time during the Settlement Period. In raising concerns or proposing remedial action, any party may request a meeting with counsel for all parties, including the representative of OCA as designated pursuant to Paragraph 26, a maximum of twice per calendar year, not including the Yearly Meeting. In the event a party requests such a meeting, counsel for Plaintiffs and Defendants, including a representative of OCA, shall meet and confer to discuss any concerns or proposed remedial action in good faith within 30 days of the submission of any such concern or proposal in writing.

## STAKEHOLDER MEETINGS

14. Stakeholder Meetings. The Supervising Judge of Bronx Criminal Court (the "Supervising Judge") shall convene periodic meetings ("Stakeholder Meetings") to review the Stakeholder Data and discuss Court Delay and trial capacity in Bronx Criminal Court on at least a quarterly basis.

15. Participants in Stakeholder Meetings. The Supervising Judge shall invite representatives of The Bronx Defenders and, as he or she deems appropriate, representatives of the other Stakeholders to the Stakeholder Meetings. The Supervising Judge, at his or her discretion and upon timely notice to the Stakeholders, may invite additional persons and/or

9

entities to participate in a Stakeholder Meeting. Upon timely notice to the Supervising Judge and the Stakeholders, Plaintiffs may request that additional persons and/or entities, including Plaintiffs' counsel, be invited to participate in or observe a Stakeholder Meeting. The Supervising Judge shall have no obligation to consent to such requests, and can either approve or reject such requests in his or her discretion.

16. Stakeholder Meeting Agenda. The Bronx Defenders and invited Stakeholders may propose topics they wish to discuss at an upcoming Stakeholder Meeting by letter to the Supervising Judge sent at least one week prior to the scheduled Stakeholder Meeting. The Supervising Judge shall consider such proposals, and decide, in his or her discretion, whether to discuss the proposed agenda items at the Stakeholder Meeting.

## TRIAL REQUEST TRACKING

17. Trial Request Tracking ("TRT"). Within 30 days of the date this Agreement is so-ordered by the Court, OCA will begin tracking and collecting data pertaining to cases designated by criminal defendants in Bronx Criminal Court who express a desire to move their cases to trial expeditiously ("TRT Cases") in accordance with Paragraphs 18-25 of this Agreement.

18. TRT Eligibility. Only cases pending in Bronx Criminal Court in which the top remaining charge is a misdemeanor or violation shall be eligible for designation as TRT Cases. Such cases will only be eligible for TRT designation (a) upon completion of all omnibus motion practice, and where there is a representation by the criminal defendant that he or she does not intend to file additional pretrial motions, (b) where there are no pending motions, (c) once the Bronx District Attorney has stated ready for trial in the matter on at least one occasion, and (d)

where the criminal defendant states ready for trial and requests such designation during a calendared court appearance.

19. <u>Limits on TRT Designation.</u> If a criminal case is eligible for designation as a TRT Case in accordance with Paragraph 18, Bronx Criminal Court judges may not deny a criminal defendant's request for such designation for any reason. Bronx Criminal Court judges may not designate a case as a TRT Case over the objection of the criminal defendant. The Bronx District Attorney may not request that any case be designated as a TRT Case.

20. <u>Design and Implementation of TRT.</u> OCA must provide notice of an implementation plan to Plaintiffs no later than ten days prior to the implementation of TRT. OCA may, but is not required to, consult with the Stakeholders in designing and implementing TRT. OCA's design and implementation of TRT must meet the following criteria:

    a. Criminal defendants in every courtroom in Bronx Criminal Court must be able to request that eligible cases be designated as TRT Cases provided they meet the criteria stated in Paragraph 18 of this Agreement;

    b. Designation as a TRT Case must be made in writing on a one-page form supplied by OCA suitable for such designation ("TRT Form");

    c. TRT Forms shall not require criminal defendants to provide any information beyond the criminal defendant's name, case docket number, top charge, TRT eligibility criteria, the defense attorney's name and contact information, and the date and court part of TRT designation;

    d. TRT Forms must be available in every court part in Bronx Criminal Court and be accepted by every Bronx Criminal Court judge;

    e.    TRT Forms must be submitted at the time of the criminal defendant's calendared court appearance; and

    f.    If a case is ineligible for TRT designation pursuant to Paragraph 18 but is erroneously designated a TRT Case, or if a criminal defendant requests TRT designation but is not eligible pursuant to Paragraph 18, OCA may reject and/or remove the case's TRT designation on notice to the criminal defendant.

21.    <u>TRT Data Collection.</u>  OCA shall collect and maintain the following data ("TRT Data") for each TRT Case:

    a.    Date of arraignment;

    b.    Top charge at arraignment;

    c.    Date of TRT designation;

    d.    Court part of TRT designation;

    e.    Date of disposition;

    f.    Court part of disposition;

    g.    Type of disposition (dismissal, adjournment in contemplation of dismissal, guilty plea, trial acquittal, conviction after trial, bench warrant, or withdrawal of TRT designation, pursuant to Paragraph 23); and

    h.    Where a trial was held, whether the trial was a bench trial or a jury trial.

22.    <u>TRT Data Sharing.</u>  OCA shall provide up-to-date, case-level TRT Data for all TRT Cases, with de-identified information (as defined in paragraph 10) for sealed and pending cases, to Plaintiffs at least one week prior to any scheduled quarterly meeting of the Stakeholders, as provided in Paragraphs 14-16.

23. <u>Withdrawal of TRT Designation.</u> At any time, a criminal defendant may request that his or her case no longer be designated a TRT Case. Such a withdrawal shall be deemed a disposition for TRT Data reporting purposes. The filing of any pretrial motion in a TRT Case by a criminal defendant shall be deemed a withdrawal of TRT designation. Once TRT designation is withdrawn, it may not be reinstated, except where such withdrawal is occasioned by the filing of a motion to dismiss on statutory or constitutional speedy trial grounds and the motion is denied.

24. <u>No Legal Effect.</u> The designation of a case as a TRT Case shall not confer upon criminal defendants any additional substantive or procedural legal rights. Conversely, designation as a TRT Case shall in no way prejudice criminal defendants who request and/or obtain such designation. Likewise, the failure to request TRT designation or the withdrawal of TRT designation shall in no way prejudice a criminal defendant. Nothing in this Agreement shall limit in any way a Bronx Criminal Court judge's discretion in presiding over and adjudicating criminal proceedings in any TRT or non-TRT case, including, but not limited to, scheduling, motion practice, dispositions, granting or denying adjournments, setting trial dates, placing the criminal defendant on "alert," and/or making accommodations for a criminal defendant's personal obligations and the availability of witnesses and counsel.

25. <u>TRT Tracking Period.</u> The provisions of this Agreement concerning TRT shall remain in effect throughout the Settlement Period.

## MISCELLANEOUS PROVISIONS

26. <u>OCA Representative.</u> Within 30 days of the date this Agreement is so-ordered by the Court, Defendants shall designate a representative of OCA to serve as the primary point of contact for Plaintiffs for issues pertaining to implementation of the terms of this Agreement.

13

27. <u>Good Faith.</u> The parties shall attempt in good faith to resolve disputes over the terms and/or implementation of this Agreement without judicial intervention.

28. <u>Enforcement of the Agreement.</u> Only terms of this Agreement related to the Settlement Period and Plaintiffs' right to reinstatement of the Litigation, sharing of data, the Party and Stakeholder Meetings, and Trial Request Tracking, will be enforceable by this Court. The remedy for any alleged breach of the Agreement will be limited to an order directing Defendants to comply with the terms of the Agreement. In connection with the enforcement of this Agreement, Plaintiffs shall not seek, nor shall Defendants submit to, any proceedings that would subject the New York State Unified Court System ("UCS") to any form of federal oversight, including, but not limited to, contempt proceedings. No other remedies, such as an injunction intervening in an ongoing state court proceeding or a finding of contempt, shall be available to enforce the Agreement. Nothing in this Agreement shall be construed as Defendants' consent to the federal court's taking any action to enjoin, monitor, or otherwise affect any pending New York State court proceeding or the operation of the New York State court system. The federal court shall have the authority to enforce this Agreement only by issuing an order directing Defendants to comply with its terms. The federal court shall not have the authority to enforce this Agreement by issuing an order affecting any ongoing state court proceeding or the operation of the state court system, or by holding Defendants or any other official of the Unified Court System or OCA in contempt. The federal court will not exercise authority with respect to this Agreement except as provided herein. Nothing in this Agreement shall be construed as a waiver of any available defense, and Defendants expressly preserve any and all available defenses, including, but not limited to, abstention under *Younger* and *O'Shea*.

Nothing in this Paragraph shall affect the parties' rights pursuant to Paragraphs 2-4 of this Agreement.

29.   <u>No Determination of the Merits.</u>  Defendants maintain that any actions taken pursuant to this Agreement are made solely to avoid the burdens and expense of protracted litigation.  This Agreement, and any and all actions taken pursuant thereto, are not to be construed as constituting any determination on the merits of any claims which have been or could have been asserted in this action or as constituting any admission of wrongdoing or liability on the part of Defendants, UCS (including, but not limited to, any of its officials, employees, or agents, whether in their individual or official capacities), and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof). Defendants, UCS, and the State of New York expressly deny any wrongdoing or liability. Nothing contained in this Agreement shall be deemed to constitute a policy, practice, or custom of Defendants, UCS (including, but not limited to, any of its officials, employees, or agents, whether in their individual or official capacities), and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof).

30.   <u>No Precedential Value.</u>  This Agreement shall not in any manner be construed as determinative of the issues or claims raised, or which could have been raised, in this action or any other proceeding, and shall have no precedential value.  In addition, notwithstanding the provisions of any paragraph herein, this Agreement shall not bind or collaterally estop Plaintiffs or Defendants, UCS (including, but not limited to, any of its officials, employees, or agents, whether in their individual or official capacities), and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof) in any pending or future actions or proceedings in which the same or similar issues are raised, from pursuing or

defending against all claims raised in said actions or proceedings, or from advancing or raising any and all available defenses.

31. <u>No Prevailing Party.</u> Under the terms of this Agreement, neither Plaintiffs nor Defendants shall be deemed a "prevailing party" for any purpose, including, but not limited to, any statutory or contractual claim based upon "prevailing party" status. If Plaintiffs reinstate the Litigation pursuant to Paragraph 2 of this Agreement, nothing in this Agreement shall be construed to prevent either Plaintiffs or Defendants from seeking "prevailing party" status at the end of the reinstated Litigation, or from asserting all available defenses to such an application.

32. <u>Modification of the Agreement.</u> The terms of this Agreement may be modified only by a written agreement signed by the attorneys for all parties, or upon Order of the Court.

33. <u>Whole Agreement.</u> This Agreement contains all the terms and conditions agreed upon by the parties, and there are no other terms relied upon by the parties, verbal or otherwise.

34. <u>Severability.</u> If for any reason any provision of this Agreement is determined to be invalid or unenforceable, the remaining provisions of this Agreement shall be construed, performed, or enforced as if the invalidated or unenforceable provision had not been included in the text of the Agreement.

35. <u>Attorneys' Fees or Costs.</u> In the event Plaintiffs' claims are dismissed with prejudice at the end of the Settlement Period without the reinstatement of the Litigation, Plaintiffs shall not seek to recover attorneys' fees or costs and will waive any rights to the same. In the event the Litigation is reinstated for any reason pursuant to Paragraph 2, Plaintiffs preserve all rights under applicable law to seek recovery of attorneys' fees and costs incurred before, during, or after the Settlement Period, and Defendants preserve all rights to assert any and all available defenses in opposition to such an application.

36.    Notices. All notices under this Agreement shall be delivered by overnight mail or overnight courier, with an additional copy by email, and shall be addressed as follows:

FOR THE PLAINTIFFS:

Scott D. Levy
The Bronx Defenders
360 East 161st Street
Bronx, NY 10451
Email: scottl@bronxdefenders.org

FOR THE DEFENDANTS:

(a) Alissa S. Wright
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Email: alissa.wright@ag.ny.gov

and

(b) The individual designated as the OCA representative pursuant to Paragraph 26.

The parties may substitute the individual designated to receive notice by advising all other parties in writing sent by overnight mail or overnight courier, and by email.

37.    Execution. This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one Agreement, and facsimile and electronic signatures shall have the same force and effect as original signatures.

Dated: August 9, 2018
Bronx, New York

**THE BRONX DEFENDERS**

By: _____
Scott D. Levy
Johanna B. Steinberg
360 East 161st Street
Bronx, NY 10451
(718) 838-7878

**EMERY CELLI BRINCKERHOFF & ABADY LLP**

Matthew B. Brinckerhoff
Ilann M. Maazel
Douglas E. Lieb
600 Fifth Avenue, 10th Floor
New York, NY 10020
(212) 763-5000

**MORRISON & FOERSTER LLP**

Gary S. Lee
Ruti Smithline
Jennifer K. Brown
Katie L. Viggiani
James A. Newton
250 West 55th Street
New York, NY 10019
(212) 468-8000

*Attorneys for Plaintiffs*

Dated: August 9, 2018
New York, New York

**BARBARA D. UNDERWOOD**
Attorney General
State of New York

By: _____
Alissa S. Wright
Assistant Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-6035

*Attorney for Defendants*

**OFFICE OF COURT ADMINISTRATION**

By: _____
John W. McConnell
*Counsel*
25 Beaver Street, 11th Floor
New York, New York 10004
(212) 428-2150

**SO ORDERED.**

Dated:     **AUG 0 9** , 2018
        New York, New York

*/s/ George B. Daniels*

HON. GEORGE B. DANIELS
United States District Judge